

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

December 13, 1960 *Superseded By Art. 29-d V.C.S.*

Honorable Charles J. Lieck, Jr.
District Attorney
Bexar County Courthouse
San Antonio, Texas

Opinion No. WW-972

Re: Are the salaries of the
District, County and Pre-
cinct Officers of Bexar
County to be determined
as of May 18, 1960, the
date of the preliminary
announcement of the direc-
tor of census and related
questions.

Dear Mr. Lieck:

You have requested an opinion from our office in
regard to various questions concerning the compensation
to be paid various county and state officials in Bexar
County since Bexar County has moved into a higher popu-
lation bracket and is now rated as having a population
of 600,000 or over.

Question No. 1. Does the phrase "Last Preceding
Census" cited in the various legislative acts in ques-
tion mean the 1960 Federal Census and, if so, are the
salaries of District, County and Precinct Officers of
Bexar County to be determined as of May 18, 1960, the
date of the preliminary announcement of the Director of
Census?

Prior Attorney General's Opinion V-1137 (1950) held,
in part, that the Federal Census becomes effective on the
date that the area or district census supervisor makes an
official announcement of the census result for the par-
ticular county. In our opinion, assuming the announcement
was official, the phrase "Last Preceding Census" cited in
the various legislative acts in question would mean the
1960 Federal Census, and salaries of District, County and
Precinct Officers of Bexar County would be determined as
of May 18, 1960, the date of the preliminary announcement
of the Director of Census.

Question No. 2. Is Section 8 of House Bill 374, Acts 54th Legislature, 1955, Regular Session, Chapter 427, Page 1137, in force and effect in Bexar County?

In our opinion, Section 8 of House Bill 374, setting salaries of county officials, is applicable to Bexar County.

Question No. 3. Does the limitation contained in Section 10, House Bill 362, Acts 55th Legislature, 1957, Regular Session, Chapter 440, Page 1309, codified as Article 3883l, Vernon's Civil Statutes, in regard to district judges' salaries override the requirements of Section 8 of Article 3912e-4d, Vernon's Civil Statutes?

Section 8, Article 3912e-4d, Vernon's Civil Statutes, (House Bill 671, 53rd Legislature, 1953, Regular Session, Chapter 435, Page 1050) provides as follows:

"Sec. 8. In all such counties, the Judges of the several District Courts in such counties shall each receive from county funds for all judicial and administrative services required of them an annual salary or allowances of Four Thousand, Five Hundred Dollars ($4,500) to be paid by the Commissioners Court in equal monthly installments. Such additional compensation shall be in addition to the salaries payable out of State funds; provided, however, that the annual aggregate salary of said District Judges from both State and County sources shall not exceed Thirteen Thousand, Five Hundred Dollars ($13,500)."

Article 6819a-18, Vernon's Civil Statutes, (Senate Bill 75, 55th Legislature, 1957, Regular Session, Chapter 272, Page 606), set out in part as follows:

"Sec. 1c. The Judges of the several District Courts and of the Criminal District Courts of the State of Texas shall each be paid an annual salary of Twelve Thousand Dollars ($12,000.00).

"Sec. 2. This Act shall not repeal any law which permits or requires any county in this state to pay a Judge of a District Court or of a Criminal District Court any supplemental salary or compensation out of county funds."

Honorable Charles J. Lieck, Jr., Page 3 (WW-972)


Section 10 of Article 3883l, Vernon's Civil Statutes, set out in part, provides as follows:

"In all counties of this State having a population of six hundred thousand (600,000) or more inhabitants according to the last preceding Federal Census, the Commissioners Court of such counties shall pay to the Judges of the several District Courts in such counties a supplemental annual salary out of county funds in equal monthly installments for all judicial and administrative services performed by them; provided, however, that the aggregate annual salary of District Judges in such counties from both State and county fund shall not exceed the salary provided by law for the Justices of the Courts of Civil Appeals in this State. . . ."

Section 10 of Article 3883l, Vernon's Civil Statutes, was enacted on May 23, 1957, while Article 6819a-18, Vernon's Civil Statutes, was enacted on May 17, 1957, which means that Section 10 of Article 3883l is the later enactment in point of time. Section 10 of Article 3883l, Vernon's Civil Statutes, quoted above, clearly limits the aggregate annual salary of district judges in counties of 600,000 or over to keep their income from exceeding the income of justices of the Court of Civil Appeals.

Since Section 10 of Article 3883l, Vernon's Civil Statutes, is the latest enactment, which is the true expression of Legislative intent, according to Attorney Generals' Opinions O-5891, V-990 and WW-724, and the cases cited therein, and the terms of the statute are not ambiguous, it will control over the provisions of Section 8 of Article 3912e-4d, Vernon's Civil Statutes, insofar as they conflict.

Question No. 4. Are the provisions of Section 9 of Article 3883l, Vernon's Civil Statutes, applicable to the Justice of Peace and Constables of Bexar County and may the salaries of such officials be raised without giving the statutory notice as was required by Section 11, Article 3912l, Vernon's Civil Statutes.

Section 9, Article 3883l, Vernon's Civil Statutes, provides in part as follows:

"In all counties of this State having a population of six hundred thousand (600,000) or more inhabitants according to the last preceding Federal Census, the Commissioners Court shall fix the salaries of the Justices of the Peace and the Constables at not to exceed Ten Thousand Dollars ($10,000) per annum, to be paid in equal monthly installments; . . ."

Section 15, Article 38831, Vernon's Civil Statutes, provides as follows:

"The Commissioners Court shall not exercise the authority vested in said Court by virtue of this Act, except at regular meeting of said Court, and after ten (10) days notice published in a paper of general circulation in the county to be affected thereby of the intended salaries to be raised and the amount of such proposed raise."

The wording of the Sections 9 and 15 of Article 38831, Vernon's Civil Statutes, is clear and unambiguous, and it is our opinion that since Bexar County now has a population of 600,000 inhabitants or more that it must comply with Section 9 of Article 38831, Vernon's Civil Statutes, and that the Commissioners Court must give notice of their intention of acting on the salaries of the officials concerned according to the provisions of Section 15 of Article 38831, Vernon's Civil Statutes.

Question No. 5. Shall the County Treasurer of Bexar County, Texas, be paid a salary in accordance with the provisions of Article 3943d, Vernon's Civil Statutes, or the provisions of Article 3943e, Vernon's Civil Statutes?

Article 3943d, Vernon's Civil Statutes, House Bill 206, 52nd Legislature, 1951, Regular Session, Chapter 122, Page 207, is set out in part as follows:

"That the commissioners court in each county in the State of Texas having a population of six hundred thousand (600,000) inhabitants or more according to the last preceding Federal Census, or any future Federal Census, shall determine annually the salary to be paid to the county treasurer at a reasonable sum of not less than

Five Thousand Dollars ($5,000) nor more than
Eight Thousand Dollars ($8,000) per annum, and
the maximum salary and compensation of said
treasurer shall not exceed Eight Thousand
Dollars ($8,000) in the aggregate for any one
calendar year. . . ."

Article 3943e, Vernon's Civil Statutes, provides as
follows:

"Sec. 5.   In each county in the State
of Texas having a population of at least
three hundred thousand and one (300,001) in-
habitants, or more, according to the last
preceding Federal Census, the Commissioners
Court shall fix the salary of the county treasur-
er at any reasonable sum, providing such salary
is not less than Forty-eight Hundred Dollars
($4800).   Acts 1951, 52nd Leg., p. 675, ch. 391."

Article 3943d was enacted on April 19, 1951, and became
effective on May 2, 1951.   Article 3943e was enacted on May
13, 1951, and became effective 90 days after June 8, 1951,
which was the date of adjournment.   Since both of the stat-
utes were passed during the same session and deal with the
same subject matter they must be considered in pari materia.
Such a consideration shows a conflict between the two stat-
utes in that Article 3943d, Vernon's Civil Statutes, limits
the maximum salary and compensation of the treasurer in
counties with a population of 600,000 inhabitants or over,
while Section 5 of Article 3943e, Vernon's Civil Statutes,
gives the Commissioners Court of the county concerned the
power to fix the salaries of the county treasurer at any
reasonable sum in counties having at least 300,001 inhabi-
tants or more according to the last preceding Federal Census.
It is evident that there is an irreconcilable conflict in
regard to the maximum amount that may be paid a county
treasurer in a county with 600,000 or more inhabitants and
that these articles must be construed to determine the in-
tent of the Legislature.   According to Attorney General's
Opinion No. V-990 and the cases cited therein, the latest
expression of the Legislature prevails and a statute last
passed will prevail over a statute passed prior to it ir-
respective of whether the prior statute takes effect before
or after the latest statute.   In this particular instance,
since both statutes are general statutes and Article 3943e
was enacted after Article 3943d, Vernon's Civil Statutes,
it is apparent that the repeal clause of Section 6 of
Article 3943e, Vernon's Civil Statutes, repeals Article

3943d, insofar as they conflict, which in this instance would mean that there is no maximum set on the amount that the county commissioners can pay a county treasurer.

S U M M A R Y

The official announcement by the district or area supervisor of the 1960 census figures becomes effective as of the date of the announcement and must be considered by Bexar County officials to be the "Last Preceding Census" within the meaning of various Acts set forth in this opinion.

Section 8 of House Bill 374, Acts 54th Legislature, Regular Session, 1955, Chapter 427, Page 1137, setting the salaries of various county officials is applicable to Bexar County.

Section 10 of Article 3883i, Vernon's Civil Statutes will control over the provisions of Section 8 of Article 3912e-4d, Vernon's Civil Statutes.

The provisions of Sections 9 and 15 of Article 3883i, Vernon's Civil Statutes, are applicable to the salaries of Justices of the Peace and Constables of Bexar County.

The salary of the County Treasurer of Bexar County is not limited by statute and is to be determined under the provisions of Section 5 of Article 3943e, Vernon's Civil Statutes, since it repeals Section 1 of Article 3943d, Vernon's Civil Statutes, insofar as they conflict.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John C. Steinberger
John C. Steinberger
Assistant

JCS:mm:ms

Honorable Charles J. Lieck, Jr., Page 7 (WW-972)

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Elmer McVey
John Reeves
Gordon C. Cass
J. C. Davis
Raymond V. Loftin

REVIEWED FOR THE ATTORNEY GENERAL

BY: Leonard Passmore